# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.  CR409-121 |
| | ) | |
| RAY ALLISON STANFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

On June 4, 2009, the Court ordered a forensic psychological examination of defendant Ray Allison Stanford after finding reasonable cause to believe that he is presently suffering from a mental disease or defect rendering him mentally incompetent to stand trial. After evaluating Stanford at the Metropolitan Correctional Center in New York, New York, the forensic psychologists concluded that Stanford "does not possess a rational and factual understanding of the proceedings against him, does not have the capacity to assist legal counsel in his defense, and he cannot rationally make decisions regarding legal strategy." Thus, the evaluators determined that Stanford should be

found incompetent to stand trial at this time. The evaluators noted that if Mr. Stanford is found incompetent to stand trial, attempted restoration to competency would be appropriate pursuant to 18 U.S.C. § 4241(d).

Defendant and counsel for the parties have stipulated to the report's findings and conclusions and have waived their right to present additional evidence at a competency hearing. (Doc. 16.) The Court has previously had the opportunity to interact with the defendant at an earlier hearing and concurs with the forensic report and counsels' stipulation. Based upon the unrebutted psychological evidence, the Court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense. 18 U.S.C. § 4241(d). It is therefore **RECOMMENDED** that the defendant be committed to the custody of the Attorney General, who should be **DIRECTED** to hospitalize the defendant "for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future

he will attain the capacity to permit the trial to proceed." 18 U.S.C. §

4241(d)(1); *see United States v. Donofrio*, 896 F.2d 1301, 1303 (11th Cir.

1990).

    **SO REPORTED AND RECOMMENDED** this __23rd__ day of

September, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**
